UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-20309-CR-ALTMAN/REID**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18.U.S.C. § 982

UNITED STATES OF AMERICA

vs.

GABRIEL RAMON DIAZ CENDAN,

Defendant.
_____/

FILED BY ___dgj___ D.C.
Jul 27, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

*The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

*The Economic Injury Disaster Loan Program*

2. One response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance

(including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

3. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020, and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

4. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

**The Defendant and Relevant Individuals, Entities, and Banks**

5. Defendant **GABRIEL RAMON DIAZ CENDAN** was a resident of Miami-Dade County, Florida.

6. Athena's Mystery Corporation doing business as GDC & Associates ("GDC & Associates") was a Miami, Florida-based entity for which the defendant **GABRIEL RAMON DIAZ CENDAN** served as President.

7. **GABRIEL RAMON DIAZ CENDAN** maintained a business checking account in the name of GDC & Associates at Bank 1 that ended in 2337 ("Account 2337").

8. On March 2, 2020, the defendant **GABRIEL RAMON DIAZ CENDAN** opened a business checking account in the name of GDC & Associates at Bank 2 that ended in 7905 ("Account 7905").

9. Peak Asphalt LLC ("Peak Asphalt") was a Miami, Florida-based entity for which the defendant **GABRIEL RAMON DIAZ CENDAN** served as President.

10. On June 23, 2020, the defendant **GABRIEL RAMON DIAZ CENDAN** opened a business checking account in the name of Peak Asphalt at Bank 3 that ended in 6351 ("Account 6351).

11. Peak Lending LLC ("Peak Lending") was a Miami, Florida-based entity for which the defendant **GABRIEL RAMON DIAZ CENDAN** served as Manager.

12. On August 11, 2020, the defendant **GABRIEL RAMON DIAZ CENDAN** opened a business checking account in the name of Peak Lending at Bank 1 that ended in 0172 ("Account 0172").

13. Co-Conspirator 1 was a resident of Miami-Dade County, Florida, and a conspirator of the defendant.

14. Yamil Lazaro Herrera was a resident of Miami-Dade County, Florida, and a conspirator of the defendant.

15. Downtown CCS, LLC ("Downtown CCS") was a Miami, Florida-based entity for which Yamil Lazaro Herrera served as President.

16. G & H Brands LLC ("G & H") was a Miami, Florida-based entity for which Yamil Lazaro Herrera served as Manager.

17. Entity 1 was a Miami, Florida-based entity formed on approximately September 1, 2016. At least one proprietor of Entity 1 conspired with the defendant.

18. Title Company 1 was a Miami, Florida-based entity that assisted with escrow and other aspects of real estate transactions. Title Company 1 maintained an account in its own name at Bank 4 that ended in 1970 ("Account 1970").

19. Bank 1 was based in New York. Bank 2 was based in New Jersey. Bank 3 was based in Alabama. Bank 4 was based in California. All four banks were insured by the Federal Deposit Insurance Corporation ("FDIC").

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around March 2020, continuing through at least December 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GABRIEL RAMON DIAZ CENDAN,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Co-Conspirator 1, Yamil Lazaro Herrera, and others known and unknown to the Grand Jury to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and his conspirators to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent EIDL applications made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in connection with the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **GABRIEL RAMON DIAZ CENDAN** and others prepared and submitted false and fraudulent EIDL applications on behalf of entities they and others controlled.

5. In each application, **GABRIEL RAMON DIAZ CENDAN** or a conspirator misrepresented at least one of the following: (i) the applicant's gross revenue; (ii) the applicant's cost of goods sold; (iii) the applicant's number of employees; and, (iv) the applicant's business activity.

6. As a result of the false and fraudulent EIDL applications submitted as part of the conspiracy, the SBA disbursed, via wire transmission, over $8,000,000 in loan proceeds into bank accounts controlled by **GABRIEL RAMON DIAZ CENDAN** and his conspirators.

7. Conspirators paid **GABRIEL RAMON DIAZ CENDAN** and Co-Conspirator 1 a portion of each successful EIDL loan obtained pursuant to the conspiracy.

8.  **GABRIEL RAMON DIAZ CENDAN** and his conspirators used the proceeds from the fraudulent scheme to enrich themselves and others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-6**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about the dates listed below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GABRIEL RAMON DIAZ CENDAN,**

did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3.  It was the purpose of the scheme and artifice for the defendant to unjustly enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent EIDL applications made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in connection with the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's personal use, the use and benefit of others, and to further the scheme and artifice.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.      Paragraphs 4 through 8 of the Manner and Means section from Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

## USE OF THE WIRES

5.      On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **GABRIEL RAMON DIAZ CENDAN**, for the purpose of executing and in furtherance of aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communication certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | March 30, 2020 | Online submission of an EIDL application on behalf of GDC & Associates. |
| 3 | June 1, 2020 | Online submission of an EIDL application on behalf of Downtown CCS. |
| 4 | June 5, 2020 | Online submission of an EIDL application on behalf of Entity 1. |
| 5 | June 22, 2020 | Online submission of an EIDL application on behalf of Peak Asphalt. |
| 6 | June 30, 2020 | Online submission of an EIDL application on behalf of G & H. |

In violation of Title 18, United States Code, Sections 1343 and 2.

7

## COUNTS 7-8
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GABRIEL RAMON DIAZ CENDAN,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of a specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of a specified unlawful activity, as set forth below:

| COUNT | APPROXIMATE DATE | TRANSACTION |
|---|---|---|
| 7 | May 19, 2020 | Deposit of check in the amount of $133,462 into Account 2337. |
| 8 | May 22, 2020 | Deposit of check in the amount of $95,000 into Account 7905. |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

It is further alleged that the specified unlawful activity is Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 2.

# COUNTS 9-11
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth in each count below, in the Southern District of Florida and elsewhere, the defendant,

**GABRIEL RAMON DIAZ CENDAN,**

did knowingly engage in, and aid, abet, and cause others to engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity:

| Count | Approximate Date | Description of Transaction |
|---|---|---|
| 9 | August 11, 2020 | Online transfer of $350,000 from Account 2337 to Account 0172. |
| 10 | August 13, 2020 | Deposit of two cashier's checks in the amount of $200,000 into Account 0172. |
| 11 | August 27, 2020 | Wire transfer of $531,450.47 from Account 0172 to Account 1970. |

In violation of title 18, United States Code, Sections 1957 and 2.

It is further alleged that the specific unlawful activity was Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 2,

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GABRIEL RAMON DIAZ CENDAN**, has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18,

United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956 or 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

(i) The real property located at 9738 SW 135 Terr, Miami FL, 33176.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

GABRIEL RAMON DIAZ CENDAN,
_____/
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Eli S. Rubin
Assistant United States Attorney
Court ID No.   A5503535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GABRIEL RAMON DIAZ CENDAN

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 Years' Supervised Release**
* **Max. Fine: $250,000.00**

Counts #: 2-6

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 Years' Supervised Release**
* **Max. Fine: $250,000.00**

Counts #: 7-8

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 Years' Supervised Release**
* **Max. Fine: $500,000.00 or twice the amount of the criminally derived property involved in the transaction.**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** GABRIEL RAMON DIAZ CENDAN

Counts #: 9-11

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment: 10 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 Years' Supervised Release**
* **Max. Fine: $250,000.00 or twice the gain or loss associated with the amount of the criminally derived property involved in the transaction.**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.